**IN THE UNITED STATES COURT FOR**
**THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **No. 4:82-cv-00300-SWW** |
| | ) | |
| **CITY OF NORTH LITTLE ROCK, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**JOINT MOTION FOR FINAL DISSOLUTION OF CONSENT DECREE**

Come now Plaintiff United States of America and Defendant City of North Little Rock, Arkansas ("City") to move for an order dissolving the Consent Decree entered by this Court on April 21, 1983, as modified by the Partial Consent Decree entered by this Court on August 22, 1986, the Joint Stipulation and Order entered by this Court on February 21, 1990, and the Order entered by this Court on November 17, 2014 (collectively, the "Decree"). The parties seek to dissolve all remaining injunctive provisions in this case.

In support of this motion, the parties stipulate to the following facts:

1.      On April 26, 1982, the United States filed a lawsuit against the City alleging the City was engaged in a pattern or practice of discrimination against African Americans and women in the recruitment, hiring, assignment, and promotion of

employees in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

2.      Thereafter, the parties filed a joint motion seeking approval of a Consent Decree, which was approved by the Court on April 21, 1983.  ("1983 Decree")

3.      On September 4, 1985, Plaintiff United States filed a Motion for Supplemental Relief pursuant to the 1983 Decree.  On August 22, 1986, a Partial Consent Decree was entered by the Court settling all matters raised in the United States' 1985 Motion, except its claim concerning David Lee Brown, a former employee of the North Little Rock Electric Department.  ("1986 Decree")  That claim was settled pursuant to a Joint Stipulation and Order entered by the Court on February 21, 1990.

3.      On November 17, 2014, pursuant to a joint motion by the Parties, the Court issued an Order dissolving the Decree with respect to all City departments with the exception of Uniformed Police and Fire.

4.      The Decree enjoins Defendants from discriminating against any employee or job applicant on the basis of race, sex, or national origin in the recruitment, hiring, promotion, upgrading, training, assignment, discharge, compensation, or terms and conditions of employment of any such person.  1983 Decree ¶ 1.

5.      The Decree also requires Defendants to take steps related to the recruitment, hiring, assignment and promotion of African Americans and women such that long-term workforce goals are reached for all job classifications.  1983 Decree ¶ 6, Appendix B.

6.      The Decree further requires that Defendants actively recruit African Americans and women and publicly advertise job openings (1983 Decree ¶¶ 13-15); develop entry-level and promotional selection procedures that do not have disparate impact on African Americans or women, or that have been validated under the Uniform Guidelines (1983 Decree ¶ 16); and retain records and provide bi-monthly and semi-annual compliance reports to the United States (1983 Decree ¶ 22; 1986 Decree ¶ 28).

7.      The decision to terminate jurisdiction over a consent decree rests in the district court's discretion.  In exercising that discretion, the district court should consider the following factors: (1) any specific terms providing for continued supervision and jurisdiction over the consent decree; (2) the consent decree's underlying goals; (3) whether there has been compliance with prior court orders; (4) whether defendants made a good-faith effort to comply; (5) the length of time the consent decree has been in effect; and (6) the continuing efficacy of the consent decree's enforcement.  *Cody v. Hillard*, 139 F.3d 1197, 1199 (8th Cir. 1998) *citing McDonald v. Carnahan*, 109 F.3d 1319, 1321 (8th Cir. 1997).

8.      In determining whether to move the Court for final dissolution of the Decree, the United States conducted an analysis of, among other sources of information: (1) extensive data produced by the City related to the City's workforce and the selection processes for various positions and job categories; (2) information produced by the City related to the policies, procedures, and practices that comprise the City's recruitment, hiring, and promotion processes; (3) data related to the relevant labor market with respect

to particular positions and job categories; (4) EEOC charge data; and (5) monitoring of local media.

9.      According to Census data, the adult civilian labor force with a high school degree or equivalent for the Little Rock-North Little Rock-Conway, AR, Metro Area is 70% White and 23% African-American.  The Decree does not provide for specific hiring goals.  However, Appendix B of the Decree provides for African-American and female Uniformed Police applicant recruiting goals of 20% and 16%, respectively.  The Decree also provides Uniformed Fire recruiting goals of 20% African-American and 8% female.

10.      The United States recently performed statistical analyses of the City's entry-level hiring cycles for Uniformed Police and Firefighters for the period 2016 through 2019.  For Police, the combined results of the analysis determined that African-Americans made up 41% of applicants and 23% of hires, while females made up 25% of applicants and 18% of hires.  All of these numbers exceed the recruiting goals set forth in the Decree.  For Firefighters, the combined results revealed African-Americans made up 25% of applicants and 23% of hires, while females made up 6% of applicants but 9% of hires, similarly achieving the goals set forth in the Decree.

11.      At the United States' request, the City recently has also provided updated information regarding its Police and Fire recruiting and hiring efforts as related to the Decree.  According to this information, in addition to rotations of advertisement placed in numerous local newspaper and radio outlets in connection with each entry-level hiring round, the Police and Fire Departments also actively participate in local career fairs and other recruitment activities specifically designed to serve all segments of the community,

including minorities.  Records indicate that the Departments have participated in over

twenty such events in the past two years.  Among the venues are Shorter College, the

University of Arkansas as Pine Bluff, and Philander Smith University, all of which are

local Historically Black Colleges and Universities.  The Departments also participate in

career fairs for both the North Little Rock and the Little Rock School Districts.  In

addition, the Departments also coordinate recruiting events with Metro Church of North

Little Rock and St. Mark's Church of Little Rock, both of which have predominantly

African-American congregations.  These data would indicate that the City of North Little

Rock is making a good-faith effort to ensure that entry-level opportunities in its Police

and Fire Departments are being made available to all sections of the community,

including minorities.

12.      Based on this and other information, the United States has determined that

the City has now achieved "the objectives of this Decree" with respect to its workforce,

including its Uniformed Police and Fire workforce still subject to the Decree.  1983

Decree ¶ 27 (providing for dissolution of the Decree).[1]  The current composition of the

City workforce substantially both meets the Decree's long-term goals and reflects the

make-up of the relevant civilian labor force.  Such progress has been accomplished by a

combination of the City's expansion of its outreach and recruitment efforts, careful

---

[1] Because the Decree provides the authority for the filing of this joint motion, the parties
have not included a memorandum of law in support of the motion, as would normally be
included pursuant to Local Rule 7.2.

scrutiny of and modifications to its selection processes, and monitoring of its workforce demographics.

13.     The Decree has been in place for more than thirty years and the United States has determined that the alleged pattern-or-practice violations of Title VII that the Decree sought to remedy over three decades ago have been addressed to the extent practicable.  Moreover, throughout the last several years, the City has cooperated in good faith with information requests sent by the United States as part of its compliance review.

## CONCLUSION

Accordingly, Plaintiff United States and Defendant City of North Little Rock jointly move this Court to dissolve the Decree.

Date:   May 1, 2020


Respectfully submitted,

ERIC S. DREIBAND                            */s/ Amy Beckman-Fields*
Assistant Attorney General                  Amy Beckman-Fields
                                            (AR Bar No. 89058)
                                            City Attorney
                                            300 Main Street
DELORA L. KENNEBREW, Chief                   North Little Rock, AR 72114,
(GA Bar No. 414320)                          Telephone: 501-975-3755
                                            FAX: 501-340-5341


*/s/ Robert L. Galbreath*
ROBERT L. GALBREATH
(DC Bar No. 460389)
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
4 Constitution Square
150 M Street, NE, Suite 9.1140
Washington, D.C.  20530

7

Telephone: (202) 353-9731
Facsimile: (202) 514-1005
Email:  Robert.Galbreath@usdoj.gov

**For Plaintiff United States of America        For Defendant City of North Little Rock**

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May, 2020, a true and correct copy of the Joint Motion for Protective Order was served upon the following attorney(s) of record for the Defendant via the Court's Case Management Electronic Case Filing System ("CM/ECF") system:

Amy Beckman-Fields
City Attorney
300 Main Street
North Little Rock, AR 72114,
Telephone: 501-975-3755
FAX: 501-340-5341

*/s/ Robert L. Galbreath*
ROBERT L. GALBREATH
(DC Bar No. 460389)
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
4 Constitution Square
150 M Street, NE, Suite 9.1140
Washington, D.C.  20530
Telephone: (202) 353-9731
Facsimile: (202) 514-1005
Email:  Robert.Galbreath@usdoj.gov